**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| E. J., a minor, by and through her parents; et al., | No. 10-35877 |
| Plaintiffs - Appellants, | D.C. No. 1:09-cv-00133-RFC |
| v. | MEMORANDUM[*] |
| MONTANA CONTRACTORS' ASSOCIATION HEALTHCARE TRUST, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued June 6, 2011
Submitted August 26, 2011
Portland, Oregon

Before: FISHER, GOULD, and PAEZ, Circuit Judges.

Appellant E.J. filed a complaint in district court under 29 U.S.C. §

1132(a)(1)(B) of the Employee Retirement Security Act of 1974 ("ERISA") after

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appellee Montana Contractors' Association Healthcare Trust ("MCAHT") denied coverage of E.J.'s medical expenses. MCAHT denied benefits on the basis of E.J.'s refusal 1) to provide a copy of a malpractice settlement, 2) to provide a copy of a state court order directing the use of funds from the settlement, including the dollar amount of the settlement funds allocated to E.J., 3) to provide a copy of a special needs trust ("SNT"), and 4) to sign a third-party reimbursement agreement ("TPRA").[1] Concluding that E.J. was required to provide this information under the terms of the health plan, the district court granted MCAHT's motion for summary judgment. While we agree with the district court that MCAHT did not abuse its discretion in denying benefits, we conclude that E.J.'s subsequent disclosure of information and willingness to seek judicial authorization to provide any necessary documentation makes remand the appropriate remedy in this case. We therefore vacate the order granting summary judgment, with instructions to remand to MCAHT for a determination of coverage in light of the information provided by E.J.

---

[1] Although MCAHT's letter denying benefits did not specify upon which missing information it based its denial, we specify the listed documentation because MCAHT's requests for information expanded during the course of the administrative proceedings to include all of these four items. The administrative record shows that E.J. did not provide any of this documentation prior to MCAHT's final determination of E.J.'s entitlement to benefits.

When an ERISA plan confers discretion on a plan administrator to determine eligibility for benefits or to construe the terms of a plan, we review for abuse of discretion the administrator's denial of benefits. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006). The abuse of discretion standard requires reversal only if the administrator's decision is arbitrary or capricious. *Schikore v. Bankamerica Supp. Ret. Plan*, 269 F.3d 956, 960 (9th Cir. 2001).

The MCAHT medical plan expressly conditions coverage upon the covered person's submission of information that is necessary to determine eligibility for plan benefits and to implement coordination with other benefits. E.J. concedes that she failed to provide the information requested by MCAHT, such as a copy of the malpractice settlement and the SNT, but argues that MCAHT's denial of benefits was nonetheless arbitrary and capricious because the information was not necessary to the administration of the plan. We disagree.

We reject E.J.'s argument that the terms of the settlement and SNT are not necessary to a benefits determination because the SNT would never be required to cover E.J.'s medical expenses before MCAHT. Although it may turn out that the settlement and SNT terms do not exclude E.J. from coverage under the plan and do not entitle MCAHT to reimbursement, there is no per se rule that a SNT is always secondary to an ERISA plan or that an ERISA plan may never seek reimbursement

3

from a SNT.  *See*, *e.g.*,  *Mutual of Omaha Ins. Co. v. Arachikavitz*, 2007 WL 2788604 (D. Nev. Sept. 21, 2007) (same).  *But see Martinez v. Beverly Hills Hotel*, 695 F.Supp. 2d. 1085 (C.D. Cal. 2010) (ruling that it was unreasonable for an ERISA plan to deny benefits based on the existence of a special needs trust because a special needs trust was not a "coverage, plan, or policy" under the plan's provisions covering coordination of benefits).  MCAHT is thus entitled to the information and documents that it has requested from E.J. so that it can make a final determination of whether E.J. is entitled to benefits under the plan.

We further conclude that MCAHT's denial of benefits based on E.J.'s refusal to sign a TPRA was not arbitrary or capricious.  The plan clearly states that MCAHT is not required to pay any claim under the plan where there is evidence of third-party liability unless the covered person signs a TPRA.  The TPRA also expressly incorporates the plan's terms and conditions, including the plan's sections covering MCAHT's right to reimbursement, subrogation, coordination of benefits, and exclusions.  Given this language, there is no merit to E.J.'s argument that the TPRA creates rights in favor of MCAHT that are not part of the health plan.  Although the TPRA requires a covered person to initiate suit against potentially liable third parties and seeks acknowledgment that MCAHT provides additional consideration by making benefit payments during the course of

4

litigation, these provisions do not limit or expand a covered person's entitlement to coverage beyond the plan's terms.

In sum, we conclude that, before she may demand that MCAHT make a final determination of her entitlement to benefits under the plan, E.J. must 1) provide MCAHT with a copy of the malpractice settlement; 2) provide MCAHT with a copy of the state court order directing the use of funds from the settlement, including the dollar amount of funds allocated to the SNT; 3) provide MCAHT with a copy of the SNT; and 4) sign the TPRA. We recognize that some or all of this information may have been provided during the course of proceedings in the district court or in this court. Moreover, MCAHT, for its part, has stated that it is willing to sign a confidentiality agreement to protect any of the disclosed information.

Accordingly, we conclude that MCAHT either already has or will be able to obtain all of the information it requires in order to make a determination of E.J.'s entitlement to benefits. Under these circumstances, and given the important interests at stake for a severely disabled child, we remand so that MCAHT can make this determination. We stress that we express no opinion regarding MCAHT's ultimate decision on whether E.J. is entitled to benefits under the plan,

except to urge that the district court and the parties involved ensure that a determination is made without any unnecessary delay.

The order granting summary judgment is vacated with instructions to remand the case to MCAHT for a determination on the merits of E.J.'s claim for benefits.

The panel shall retain jurisdiction over any future appeal.

VACATED and REMANDED.